LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516-826-6500
David A. Blansky, Esq.
Jordan D. Weiss, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

BRUNILDA A. PICHARDO,

             Debtor.
-----------------------------------------------------------------x
SALVATORE LaMONICA, ESQ., AS THE
CHAPTER 7 TRUSTEE OF THE BANKRUPTCY
ESTATE OF BRUNILDA A. PICHARDO,

             Plaintiff,

   -against-

BRUNILDA A. PICHARDO,

             Defendant.
-----------------------------------------------------------------x

Chapter 7
Case No. 17-12920 (SMB)

Adv. Pro. No. 18-_____ (SMB)

**COMPLAINT**

Salvatore LaMonica, Esq., the Chapter 7 Trustee (the "**Trustee**" or "**Plaintiff**") of the bankruptcy estate of Brunilda A. Pichardo (the "**Debtor**" or "**Defendant**"), as and for his Complaint against the Debtor, alleges as follows:

**Nature of the Action**

1.    This adversary proceeding (the "**Adversary Proceeding**") is brought pursuant to 11 U.S.C §§ 521, 727(a)(3), 727(a)(4)(D) and 727(a)(5), seeking the denial of the Debtor's discharge.

**Jurisdiction and Venue**

2. This Adversary Proceeding arises in a case under Title 11 of the United States Code (the "**Bankruptcy Code**").

3. Jurisdiction of the Adversary Proceeding is conferred upon the Court pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Adversary Proceeding arises in the Bankruptcy case of Brunilda Pichardo, Case No. 17-12920 (SMB), currently pending in the Bankruptcy Court for the Southern District of New York, and is a core proceeding therein pursuant to pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (J).

6. The Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

**The Parties**

7. The Plaintiff is authorized to commence this action pursuant to § 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

8. The Debtor is an individual with an address at 260 Audobon Avenue, Apt. 10D, New York, New York 10033.

**Allegations Common to all Claims for Relief**

**A.    Procedural History**

9. On October 19, 2017 (the "**Filing Date**"), the Debtor filed a voluntary petition (the "**Petition**") for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

10. On the Filing Date, the Debtor filed her schedules of assets and liabilities and the statement of financial affairs (the "**Schedules**").

11. The Plaintiff was appointed as the interim Trustee and has since duly qualified by operation of law as the permanent Trustee of the Debtor's estate.

12. On November 15, 2017, the Debtor testified under oath before the Plaintiff at the meeting of creditors held pursuant to Section 341 of the Bankruptcy Code (the "**341 Meeting**").

13. On February 2, 2017, the Court entered an Order extending the deadline for the Plaintiff to object to the Debtor's discharge through and including April 16, 2018 [Dkt. No. 11].

14. On Schedule E/F, the Debtor indicates that she incurred unsecured debt of $90,064.00 from 2015 through the Filing Date (the "**Unsecured Debt**"), of which, approximately $41,548.00 were personal loans obtained by the Debtor in August 2016 and September 2016 (the "**Loans**").

**B.    The Debtor's Failure to Explain the Disposition of Loan Proceeds and Failure to Produce Required Documents**

15. At the 341 Meeting, the Plaintiff asked the Debtor about why she incurred so much debt from 2015 to 2017, specifically in August 2016 and September 2016, and what she used the proceeds of the Loans for.

16. The Debtor failed to give satisfactory answers, responding vaguely that she used the proceeds to pay debt and buy clothes and household goods.

17. Also at the 341 Meeting, the Plaintiff requested that the Debtor provide him with: (a) copies of all statements for all bank accounts in the Debtor's name for the two (2) year period prior to the Filing Date; (b) copies of all credit card statements for the two (2) year period prior to the Filing Date; (c) copies of the Loan documents, as well any documents to evidence the

disposition of the Loan proceeds; and (d) copies of the Debtor's tax returns for 2015 and 2016 (the "**Requested Documents**").

19. 18. The Plaintiff adjourned the 341 Meeting to January 24, 2018 (the "**January 341 Meeting**") and informed the Debtor that she was required to produce the Requested Documents to the Plaintiff prior to the January 341 Meeting and that her appearance was required at the January 341 Meeting.

19. Prior to the January 341 Meeting, the Plaintiff did not receive any of the Requested Documents from the Debtor.

20. On January 24, 2018, the Debtor failed to appear at the January 341 Meeting.

21. By letter dated March 14, 2018, sent by first class mail, the Plaintiff again reiterated the demand for the Requested Documents and informed the Debtor that her 341 Meeting had been adjourned again to April 25, 2018 (the "**April 341 Meeting**"), that the Requested Documents must be provided to the Plaintiff by no later than March 28, 2018, and that the Debtor's appearance at the April 341 Meeting would be required if the Requested Documents were not received (the "**Letter**").

22. Prior to March 28, 2018, the Plaintiff did not receive any of the Requested Documents from the Debtor.

23. To date, the Debtor has failed to produce any of the Requested Documents and/or to explain satisfactorily the disposition of the proceeds of the Loans.

## FIRST CLAIM FOR RELIEF
(11 U.S.C. § 727(a)(3))
(Incorporating All Previous Allegations)

4

24. The Debtor concealed or failed to keep recorded information, including books, documents, records and papers from which the Debtor's financial condition or business transactions may be ascertained.

25. The Debtor concealed or failed to record property of the estate by failing to disclose information or data regarding the Requested Documents.

26. The Debtor concealed or failed to record property of the estate by failing to disclose information or data regarding the disposition of the proceeds of the Loans.

27. Based on the foregoing, pursuant to 11 U.S.C. § 727(a)(3), the Plaintiff is entitled to a judgment denying the Debtor a discharge.

## SECOND CLAIM FOR RELIEF
(11 U.S.C. § 727(a)(4)(D))
(Incorporating All Previous Allegations)

28. The Debtor knowingly and fraudulently, in connection with her bankruptcy case, withheld from an officer of the estate entitled to possession under this title, recorded information, including books, documents, records, and papers relating to the debtor's property or financial affairs.

29. The Debtor knowingly and fraudulently failed to produce the Requested Documents to the Plaintiff.

30. The Plaintiff was entitled to possession of the Requested Documents and the Debtor was required to produce the Requested Documents to the Plaintiff pursuant to 11 U.S.C. § 521(a)(4).

31. Based on the foregoing, pursuant to 11 U.S.C. § 727(a)(4)(D), the Plaintiff is entitled to a judgment denying the Debtor a discharge.

## THIRD CLAIM FOR RELIEF
(11 U.S.C. § 727(a)(5))

(Incorporating All Previous Allegations)

32. The Debtor failed to explain satisfactorily, before the determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

33. The Debtor failed to explain satisfactorily the disposition of the proceeds of the Loans and the reason(s) the Debtor incurred the Unsecured Debt.

34. The Debtor has failed to provide vital information to the Plaintiff regarding the disposition of her assets and the Debtor's deficiency of assets to meet her liabilities.

35. By reason of the foregoing, pursuant to 11 U.S.C. § 727(a)(5), the Plaintiff is entitled to a judgment denying the Debtor a discharge.

**WHEREFORE**, the Plaintiff, Salvatore LaMonica, Esq., Chapter 7 Trustee of the estate of Brunilda Pichardo demands judgment on his claims for relief against the Debtor as follows:

1. On his first claim for relief, pursuant to 11 U.S.C. § 727(a)(3), a judgment denying the Debtor a discharge;

2. On his second claim for relief, pursuant to 11 U.S.C. § 727(a)(4)(D), a judgment denying the Debtor a discharge; and

3. On his third claim for relief, pursuant to 11 U.S.C. § 727(a)(5), a judgment denying the Debtor a discharge.

Dated: April 5, 2018
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Salvatore LaMonica, as Trustee*

By:   *s/ David A Blansky*
David A. Blansky Esq.
Jordan D. Weiss, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Pichardo, Brunilda\727 Action\Complaint.doc*